# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 10-395V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
HANNAH GANTZ,                       *
                                    *   Filed: February 3, 2014
                 Petitioner,        *
                                    *   Decision by Stipulation; Damages;
        v.                          *   Diphtheria, Tetanus, and Acellular
                                    *   Pertussis (DTaP) Vaccine;
                                    *   Meningococcal Vaccine Guillain-
SECRETARY OF HEALTH AND             *   Barre Syndrome (GBS)
HUMAN SERVICES                      *
                                    *
                 Respondent.        *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Michael A. London, New York, NY, for Petitioner

Melonie J. McCall, Washington, DC, for Respondent

### DECISION AWARDING DAMAGES[1]

On June 28, 2010, Petitioner Hannah Gantz filed a petition seeking compensation under the National Vaccine Injury Compensation Program, ("the Vaccine Program").[2] Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") and its related sequelae as a result of

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

receiving a diphtheria, tetanus, and acellular pertussis ("DTaP") vaccine as well as a meningococcal vaccine.

Respondent denies that Petitioner's GBS and any related medical problems were caused by the receipt of the DTaP and meningococcal vaccines. Nonetheless both parties, while maintaining their above stated positions, agreed in a stipulation filed February 3, 2014, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as the decision of the Court in awarding damages on the terms set forth therein.

The stipulation awards:

> A lump sum of $40,000.00, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

HANNAH GANTZ,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 10-395V
Special Master Hastings
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Ryan Gantz filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of his minor daughter, Hannah Gantz.[1]  The petition seeks compensation for injuries allegedly related to petitioner's receipt of the diphtheria, tetanus, and acellular pertussis ("DTaP") vaccination and the meningococcal vaccination, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her DTaP and meningococcal immunizations on July 26, 2007.[2]

3. The vaccines were administered within the United States.

---

[1] On December 18, 2013, the caption was amended to reflect Hannah Gantz as the petitioner now that she has reached the age of majority.

[2] The original petition identifies the date of vaccination as June 26, 2007, but the medical records confirm that July 26, 2007, is the correct date of vaccination.

1

4. Petitioner alleges that she sustained a vaccine-related injury diagnosed as Guillain-Barré Syndrome ("GBS") that was caused-in-fact by DTaP and/or meningococcal vaccine. She further alleges that she experienced the residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner's alleged injury and residual effects were caused-in-fact by either DTaP or meningococcal vaccine. Respondent further denies that either DTaP and/or meningococcal vaccine caused petitioner any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $40,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

2

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S:C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. §

300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from a DTaP or meningococcal vaccination administered on July 26, 2007, as alleged by petitioner in a petition for vaccine compensation filed on or about June 28, 2010, in the United States Court of Federal Claims as petition No. 10-395V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that either the DTaP or meningococcal vaccine caused petitioner to suffer GBS or any other injuries.

4

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of petitioner.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Hannah Gantz*

HANNAH GANTZ

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Michael A. London*

MICHAEL A. LONDON
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Floor
New York, NY  10038
(212) 566-7500

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ Vito Caserta*

VITO CASERTA, M.D.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Jennifer L. Reynaud*

JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: February 3, 2014

6